IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Russell E. Appenzeller, | Case No. 1:10 CV 13 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Michele Miller, Warden, | |
| Respondent. | |

**INTRODUCTION**

This matter comes before the Court on Russell Appenzeller's *pro se* Petition for Writ of Habeas Corpus (Doc. No. 1). Respondent Michele Miller, Warden of the Belmont Correctional Institution, filed a Return of Writ (Doc. No. 10) and Petitioner filed a Traverse (Doc. No. 11). This Court has jurisdiction under 28 U.S.C. § 2254(a).

This case was referred to Magistrate Judge Vecchiarelli for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2. The Magistrate recommended this Court deny the Petition (Doc. No. 12). Petitioner filed an Objection (Doc. No. 13) and an Amended Objection (Doc. No. 14) to the Magistrate's R&R. Pursuant to *Hill v. Duriron Co.,* 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the R&R, including the recommendation to deny the Petition.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, which this Court adopts in its entirety (Doc. No. 12 at 1–9). The factual background was adopted from *State v. Appenzeller*, 2008 WL 5451425, *1–4 (Ohio Ct. App. 2008). These factual findings shall be "presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008).

Briefly, Petitioner was indicted on a total of eighteen counts: six counts of burglary as second-degree felonies; six counts of burglary as third-degree felonies; two counts of theft as fifth-degree felonies; two counts of attempted burglary as third-degree felonies; and two counts of attempted burglary as fourth-degree felonies. The Indictment relates to incidents occurring at several different homes. *Appenzeller*, 2008 WL 5451425, at *3.

Petitioner pled not guilty to the charges, and then filed for relief from prejudicial joinder, requesting that the charges be separated into four separate trials (Doc. No. 10-1 at 21). He also filed a motion in limine to exclude any reference to an arrest in Willowick, Ohio, that occurred after the date of the charges in this Indictment (*id*. at 23). The trial court overruled the motion for relief from prejudicial joinder and reserved on the motion in limine (*id*. at 25). On the first day of trial, Appenzeller made an oral motion to represent himself, which the trial court denied as untimely. Appenzeller later moved for acquittal pursuant to Criminal Rule 29, which the trial court denied as well. The jury found Appenzeller guilty on all eighteen counts.

Appenzeller filed a motion for a new trial, which was denied. *Appenzeller*, 2008 WL 5451425, at *3. Petitioner was ordered to serve an aggregate sentence of twenty-eight years (Doc. No. 10-1 at 41–44).

Petitioner timely appealed his conviction and sentence to the Ohio court of appeals (*id*. at 45–47). Before the court ruled on his appeal, Petitioner moved to dismiss his appellate counsel, requested new counsel, and asked to have his brief removed from the appellate record (*id*. at 79–81, 84). His appellate counsel moved to withdraw, which the court granted (*id*. at 82–83). The appellate court appointed new counsel who was then permitted to file a supplementary brief (*id*. at 85–86). In December 2008, the court of appeals affirmed in part, reversed in part, and remanded the case for the merging of certain offenses and resentencing (Doc. No. 10-3 at 1–28).

On resentencing, the trial court again sentenced Petitioner to a prison term totaling twenty-eight years (Doc. No. 10-5 at 6–9), which the court of appeals affirmed (*id*. at 70–75). The court of appeals denied Petitioner's subsequent petition to reopen his appeal as both untimely and without merit (*id*. at 103–108). Petitioner did not appeal these rulings to the Ohio Supreme Court.

Prior to the resentencing, Petitioner filed in the trial court a *pro se* petition to vacate or set aside the sentence, alleging that the State hid, altered, or destroyed evidence and that trial counsel had been ineffective (Doc. No. 10-3 at 31–33). Petitioner also filed a motion for summary judgment, arguing that the State lacked probable cause to arrest him (*id*. at 121–28). The trial court denied these motions as barred by *res judicata*, finding that Petitioner failed to demonstrate that his claims could not have been raised on direct appeal, and that he failed to present evidence outside the record to support his motions (Doc. No. 10-4 at 17–20). The trial court also denied Petitioner's subsequent motions to reconsider (*id.* at 24).

Petitioner timely appealed the trial court's denial of his petition for post-conviction relief (*id*. at 25–26). In December 2008, the state appellate court affirmed the judgment of the trial court (*id*. at 74–75), and overruled Petitioner's motion to reconsider (*id*. at 97–99). Petitioner timely filed an appeal to the Ohio Supreme Court on the denial of his post-conviction motions (*id*. at 102–19). He argued a single proposition of law: "Appeals Court substituted its own judgment on review, denying appellant right of due process and equal protection of laws" (capitalization altered from original) (*id*.). The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question and denied Petitioner's subsequent motion to reconsider (*id*. at 155; Doc. No. 10-5 at 5).

In October 2009, Petitioner filed a motion in the trial court to correct the trial record (Doc. No. 10-5 at 111–15). The trial court denied the motion as untimely (*id*. at 129–30). Petitioner did not appeal this denial to the state appellate court or the Ohio Supreme Court. Petitioner thereafter filed this Petition for a Writ of Habeas Corpus.

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state

adjudication was "objectively unreasonable," and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, and rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493–494 (6th Cir. 2004). Furthermore, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner raises four grounds for relief in his Petition. The Magistrate found parts of the fourth ground to be procedurally defaulted, and the remaining grounds without merit. Petitioner objects to the Magistrate's R&R in its entirety, stating that the report "is not impartial [and that] it exudes a bias against Petitioner . . ." (Doc. No. 13 at 2). Petitioner supports his objection by offering a meandering review of his four grounds for relief, and then citing the Magistrate's failure to find in his favor as a basis for an inaccurate R&R. Each of Petitioner's arguments will be addressed in turn.

**Objection One - Magistrate's Bias**

Petitioner first argues that the Magistrate's bias is evidenced "by a single sentence" in the R&R: "[n]ot all violations of the right to a fair trial, however, entitle a petitioner to habeas relief" (Doc. No. 12 at 20). The Magistrate, however, is correct in noting that habeas relief may only be granted where a trial court error is believed to have had a "substantial and injurious effect" on the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 638 (1993); *Kyles v. Whitley,* 514 U.S. 419, 436 (1995). The Magistrate correctly recited the law. Petitioner's first example of bias is without merit.

5

Petitioner next argues that the Magistrate's bias is evidenced by her failure to give deference to his "most attention grabbing eye opener" -- that his conviction was in part based on the incompetence of his trial attorney, Michael Judy ("Judy") (Doc. No. 14 at 2–4). Petitioner suggests that the trial court recognized Judy's incompetence and appointed Paul Miller ("Miller") as co-counsel to assist Judy on the last day of trial (*id.*). The record reveals, to the contrary, that Miller was appointed because Petitioner threatened Judy and members of his family, and Miller's presence was an effort to minimize further disruptions at trial (Doc. Nos. 10-7 at 3–8, 30–31; 10-1 at 33). The trial court did not state it believed Judy was incompetent. The record clearly shows Petitioner simply disagreed with Judy's trial strategy (Doc. No. 10-7 at 3–36). Petitioner's second argument is not well-taken.

Petitioner next argues that the "Magistrate's bias manifests itself by not declaring -- in this case -- how the burden of rebutting the presumption of correctness by clear and convincing evidence has shifted from the applicant, in this case, to the State" (Doc. No. 14 at 4). This Court finds no support for this claim. In fact, the Magistrate clearly stated: "[T]o the extent that Appenzeller's accounts of events differ from the accounts given in judicial opinions, transcripts, and other documents in the record, Appenzeller fails to show by clear and convincing evidence that the official accounts are incorrect" (Doc. No. 12 at 18). The burden of proving the record is incomplete or incorrect did not shift from Petitioner to the State, and Petitioner has not rebutted this presumption. Thus, Petitioner's third argument is not well-taken.

**Objection Two - Ineffective Counsel**

The next argument is difficult to decipher, but it appears Petitioner is arguing his trial counsel was ineffective and his appellate counsel failed to raise ineffective assistance of trial counsel because:

6

(1) appellate counsel was different than trial counsel and did not witness the trial, and (2) the transcripts had been tampered with, leaving no record for appeal. This allegedly resulted in his denial of post-conviction relief on the basis of *res judicata*.

Habeas petitions require heightened pleadings. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *Id.* (citing 28 U.S.C. § 2254 Rule 4). Petitioner does not support his claims by citing law or fact, and any inferences he makes are attenuated and implausible. Nonetheless, this Court will proceed with its review.

Petitioner attempts to support his ineffective assistance of counsel claim by suggesting that the court would not have appointed new counsel to handle his appeal if trial counsel was competent (Doc. No. 14 at 5). This says nothing about trial counsel's competence, however, and Petitioner points to no law requiring appellate counsel to be the same as trial counsel. This claim is without merit.

Petitioner next makes a blanket assertion that the transcripts were tampered with, but fails to show by clear and convincing evidence any mistake or meddling. Petitioner also argues that all records by his appellate attorney, Erik Jones, from October 25, 2007 through November 19, 2007, were completely removed from the courthouse clerk's office. This Court has no record of such removal of documents, nor does Petitioner point to any specific documents missing from the record. Petitioner's claims of incompleteness and tampering are unfounded.

**Objection Three - Perjury**

Petitioner next argues that Sergeant Ken Gunsch ("Gunsch") committed perjury at trial by attributing to Petitioner a statement that was not made. Gunsch testified that Petitioner stated his

7

screwdriver was new and did not contain paint transfer, and therefore could not be associated with the burglaries (Doc. No. 10-8 at 67). Petitioner argues Gunsch's testimony is inconsistent with the Mentor Police waiver form, where Gunsch indicated that Petitioner "refused" to make a statement (Doc. No. 10-3 at 44). However, the document only shows that Petitioner received his Miranda warnings and refused to make a statement at that time. The document is not proof of whether Petitioner decided to waive his rights or volunteer information to exonerate himself. Further, witness credibility and the weight given to witness testimony are matters determined by the jury. *State v. Engle,* 2009 WL 2915620, *4 (Ohio Ct. App. 2009) (citing *State v. DeHass*, 10 Ohio St. 2d 230, 231 (1967)). Defense counsel had an opportunity to cross-examine Gunsch, and could have exposed any inconsistencies. Petitioner's assertion does not establish Gunsch committed perjury or Petitioner suffered substantial injury. This objection is not well-taken.

### Objection Four - Photo Arrays

Petitioner's final argument is that three different photo arrays are mentioned in the transcripts, which somehow creates an "incredible miscarriage of justice." Outside the presence of the jury, a discussion was held between the court and counsel. The State admitted that the first photo array (from the City of Willowick) was provided to defense counsel through discovery, but was not the array used by a witness to identify Petitioner. When the mistake surfaced, seven days before trial, the State provided the second photo array (from the City of Mentor), which placed Petitioner in a different position (Doc. No. 10-8 at 3–8). The record shows that the second photo array was the one used by a witness to identify Petitioner, matches the police reports, and was the only photo array admitted at trial (*id.*). Petitioner claims there was a third array because Gunsch mentions that he received the photo line-up from Lake County Sheriff's Department (*id.* at 64). However, the City of Mentor is in

8

Lake County, and the second photo array was understood to be the reference. Petitioner was not prejudiced by any photo array.

In summary, Petitioner has failed to demonstrate that his conviction was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. Petitioner's Objections cite no federal or state law and generally fail to include anything beyond conclusory and unfounded allegations.

## CONCLUSION

After conducting a *de novo* review, Petitioner's Objections are not well-taken. Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 31, 2011